**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4801**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN LYNN BRYANT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:04-cr-00128-FL)

Submitted:  July 31, 2008                  Decided:  August 4, 2008

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Anne Margaret Hayes, Stephen Aubrey West, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan L. Bryant pled guilty to two counts of a three-count indictment to conspiracy to distribute and possess with the intent to distribute more than 50 grams of crack cocaine and 500 grams of cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000) (Count 3). The district court sentenced Bryant to an aggregate of 204 months' imprisonment, five years of supervised release on each count to run concurrently, and ordered payment of a $200 statutory assessment.[1] Bryant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Bryant's plea, and claiming he received ineffective

---

[1]The probation officer calculated an advisory sentencing guideline range for Bryant of 235 to 293 months' imprisonment on Count 1, founded on a total offense level of 37 and a criminal history category of II, and an additional minimum consecutive sentence of 60 months' imprisonment on Count 3. After careful consideration of the facts and evidence, and following the grant of the Government's motion for downward departure, the district court made all the factual findings appropriate for that determination, and considered the advisory sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008), prior to imposing sentence.

assistance of counsel.[2] Bryant was given an opportunity to file a pro se brief, but has failed to do so.

Bryant did not move in the district court to withdraw his guilty plea, therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain error in the district court's acceptance of Bryant's guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). Moreover, Bryant is bound by the statements he made at the Rule 11 hearing, see Blackledge v. Allison, 431 U.S. 63, 74 (1977), and we find no evidence that Bryant's plea was not knowing or voluntary. See United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Moreover, as Bryant acknowledges, his claim of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was

---

[2]The plea agreement contained a provision in which Bryant agreed to waive his right to contest his conviction and sentence either on appeal or in a 28 U.S.C. § 2255 (2000) motion, except for certain claims of ineffective assistance of counsel or prosecutorial misconduct not asserted or evident here. However, the Government has not asserted the waiver provision precludes review of Bryant's conviction or sentence on appeal. Thus, we decline to enforce the appellate waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (citing United States v. Brock, 211 F.3d 88, 90 n.1 (4th Cir. 2000)).

ineffective.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Bryant can make no such showing in this case.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Bryant's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED